E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
ANGELA T. MULLINS (SBN 223737)
amullins@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
401 B Street, Tenth Floor
San Diego, California 92101-4232
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant
KELLY SERVICES, INC.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LAMA UGILEY,<br><br>            Plaintiff,<br><br>      v.<br><br>ARAMCO SERVICES COMPANY, a Delaware Corporation erroneously sued as a Texas Corporation, KELLY SERVICES, INC., a Delaware Corporation, ABDULMAJEED KASHGARI, an individual, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.: CV09-3758 VBF (JCx)<br><br>**AMENDED STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**<br><br>Judge:        Hon. Valerie Baker Fairbank<br>Magistrate: Hon. Jacqueline Chooljian<br><br>Complaint Filed:   April 2, 2009<br>Trial Date:          May 18, 2010 |

This stipulation is entered into by and between Plaintiff Lama Ugiley ("Plaintiff") on the one hand, Defendant Kelly Services, Inc. ("Kelly") and Defendants Aramco Services Company and Abdulmajeed Kashgari ("collectively "Defendants") on the other hand, by and through their respective counsel, in response to certain discovery requests made by the parties in this action. Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

/ / /

1.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").

2.  The designation of information as "Confidential" means that the party believes in good faith that the material contains (1) information that is privileged or (2) information, such as commercial, governmental, military, or other sensitive information, the disclosure of which would violate or potentially violate personal, financial, or other interests protected by law and the threatened harm caused by disclosure to third-parties outweighs the public interest in disclosure of the information.

3.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.  Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.  "Confidential Material" produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" designated below:

> (a)  a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b)    experts or consultants (together with their clerical staff) retained
by such counsel to assist in the prosecution, defense, or
settlement of this action;

(c)    court reporters and/or videographers employed in this action;

(d)    a witness at any deposition or other proceeding in this action;
and

(e)    any person as to whom the parties in writing agree.

Disclosure of Confidential Material to Qualified Persons shall be conditional upon receipt of signed form set forth in Attachment A, to which such non parties agree to be bound by the Proposed Order.

6.    Depositions shall be taken only in the presence of Qualified Persons.

7.    The parties may further designate certain discovery material or testimony of highly confidential and/or propriety nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Only Material") in the manner described in paragraphs 2 and 3 above.  The parties agree to meet and confer regarding Attorney's Only Material and the method for inspection prior to the production of these documents.

8.    In the event the non-designating party's counsel determines that it is necessary for its client to review certain information or documents contained in "Attorney's Only Material", the parties will meet and confer to determine whether it is appropriate for the client itself to have access to the particular documents.  If the parties cannot reach an agreement, they will follow Local Rule 37 to obtain a decision from the Court.

9.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action.

/ / /

/ / /

10.     If "Confidential Material," including any portion of a deposition transcript designated as Confidential or Attorney Eyes Only, is included in any papers filed in Court, the parties will comply with Local Rule 79 in the application of any proposed under seal filings.

11.     In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12.     This Order shall be without prejudice to any rights the parties may have to bring a motion to compel discovery or quash a discovery request or to request any remedy available to the Court to decide discovery disputes.

13.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.  This provision does not include the return of Confidential Material on file or otherwise in possession of the Court.

14.     The parties agree that in the event of a violation of this Order, the non-violating party is entitled to all monetary damages arising from the disclosure of information marked as confidential, according to proof.  The parties further recognize that any violation of this order may cause the non-violating party irreparable harm for which there is no adequate remedy at law, and as a result of this, the non-violating party shall be entitled to the issuance by a court of competent jurisdiction of an injunction, restraining order, or other equitable relief in favor of itself, without the necessity of posting a bond, restraining the violating party from

committing or continuing to commit any such violation.  Any right to obtain an injunction, restraining order, or other equitable relief hereunder shall not be deemed a waiver of any right to assert any other remedy the non-violating party may have at law or in equity.

15.    In the event of any litigation concerning any violation of this Order, the prevailing party shall be entitled to recover from the losing party reasonable expenses, attorneys' fees, and costs incurred therein or in the enforcement or collection of any judgment or award rendered therein.  The "prevailing party" will be determined by the court for purposes of this agreement.

SO STIPULATED:

**THE RUBIN LAW CORPORATION**

Dated: November 3, 2009          By: /s/  Jenny L. Wilkinson
                                 STEVEN M. RUBIN
                                 JENNY L. WILKINSON
                                 Attorneys for Plaintiff LAMA UGILEY

**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON**

Dated: November 3, 2009          By:   /s/  E. Joseph Connaughton
                                 E. JOSEPH CONNAUGHTON
                                 ANGELA T. MULLINS
                                 Attorneys for Defendant
                                 KELLY SERVICES, INC.

**LITTLER MENDELSON, P.C.**

Dated:  November 3, 2009          By:   /s/  Natalie A. Rainforth
                                 HELENE WASSERMAN
                                 NATALIE A. RAINFORTH
                                 Attorneys for Defendants
                                 ARAMCO SERVICES COMPANY and
                                 ABDULMAJEED KASHGARI

APPROVED AND SO ORDERED:

 Dated: November 24, 2009                              /s/
                                 MAGISTRATE JUDGE
                                 JACQUELINE CHOOLJIAN

**ATTACHMENT A**

**<u>ACKNOWLEDGMENT OF CONFIDENTIALITY</u>**

I, _____, hereby acknowledge that:

I am aware of the protective order, which I am informed has been entered in the action presently pending in the United States District Court, Central District, Western Division, entitled *Lama Ugiley v. Aramco Services Company, et. al.,* Case No. CV09-3758 VBF (JCx)

I understand the terms of the protective order; and

I agree to be bound by such terms.

DATED: _____          _____
                                              SIGNATURE